# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS K. BOLDING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-07-082-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

The claimant Thomas K. Bolding requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision is REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national

economy . . ." *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take

---

[1] Step one requires the claimant to establish he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to a listed impairment), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show he does not retain the residual functional capacity (RFC) to perform his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work he can perform existing in significant numbers in the national economy, taking into account the claimant's age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on September 14, 1958, and was 47 years old at the time of the administrative hearing. He has a high school education plus some college and previously worked as an oven operator, assembly line worker, motor repairman, and printer salesman. The claimant alleges he has been unable to work since May 11, 2001, because of neck, lower back, mid-back, and left knee pain; headaches; left foot numbness and tingling; anxiety; and depression.

## Procedural History

On December 30, 2003, the claimant filed an application for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401- 434, and an application for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1385. Both applications were denied. On September 13, 2006, ALJ Charles Headrick found that the claimant was not disabled. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to lift and/or carry ten pounds occasionally and five to ten pounds frequently, to stand and/or walk six hours in an eight-

hour workday, to sit for six hours in an eight-hour workday, and to push and/or pull on an unlimited basis. The claimant could only occasionally climb, balance, stoop, kneel, crouch, and crawl, and range of motion was limited in his back, neck, and hips (Tr. 15). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work in the regional and national economies he could perform, *e.g.*, telemarketing, assembly work inspector, and food order clerk (Tr. 20).

**Review**

The claimant contends that the ALJ erred: (i) by failing to properly evaluate the medical evidence; (ii) by finding he had the RFC to perform substantial gainful activity; and, (iii) by improperly analyzing his credibility. The Court finds the claimant's third contention persuasive.

The record reveals that the claimant had pain in the neck, lower and mid-back, and left knee, headaches, and left foot numbness and tingling that the ALJ determined were severe impairments (Tr. 14). At the administrative hearing, the claimant testified that he underwent back surgery in October 2001 and continued to have constant pain in his low back (Tr. 255-56). The pain radiated into his legs at least two or three times per week and sometimes lasted all day (Tr. 256-57). He experienced numbness and tingling on the top of his left foot which occured intermittently and lasted from 30 minutes to all day (Tr. 257). The claimant's left knee was painful and would swell two or three times per week. To relieve the swelling, the claimant testified he had to stretch out and lie down (Tr. 258). He also experienced pain in the middle of his back, including occasional muscle spasms (Tr.

260). The claimant's hands and arms ached and his fingers (mostly on the right) went numb anytime he tried to use them (Tr. 259-60). His neck pain generated into his head causing headaches, which sometimes made him sensitive to light and smells and resulted in vomiting. His headaches occurred approximately three times per month and usually lasted between two and three hours (Tr. 260-62). The claimant testified that he took Lortab and Flexeril for his pain, but he still had to lie down two or three times per day for approximately 45 minutes to one hour. His medication did not take his pain away, but "it [took] the edge off." (Tr. 262-63).

The claimant walked with a cane at the hearing and testified he had been using it for balance for about two years (Tr. 264). The cane was not prescribed by a doctor (Tr. 271). He could sit for approximately 30 to 45 minutes for a total of four hours per day before having to stand, stand about 30 minutes for a total of one hour per day before having to sit, walk no more than three blocks at a time for no more than 30 minutes per day, and lift nothing more than a gallon of milk (Tr. 266-67, 270-71). The claimant drove his wife approximately 30 miles for cancer treatments between one and three times per week. He could bend at the waist, but he had difficulty getting back up, and squatting was "totally out of the question" because of his knees and bad balance (Tr. 267). He could not perform pushing and pulling activities with his hands and arms because of pain in his back, neck and shoulder area (Tr. 276). The claimant could not reach overhead, and his grip strength was decreased in his hands with the grip in his right hand being stronger (Tr. 277). His pain kept him awake at night; he usually never slept more than four hours. The claimant no longer

suffered side effects from his medication (Tr. 267-68). When questioned about his daily activities, the claimant testified he listened to the radio on his porch, read the Bible, and helped take care of his wife. He indicated he did very little housework and primarily relied on his daughter for help (Tr. 268, 275). The claimant fished and hunted in the past, but he could no longer do so (Tr. 269). He tried to attend church twice per week, but sometimes he could not because of his pain (Tr. 271-72).

In his written decision, the ALJ summarized the claimant's testimony and then concluded "that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of th[e] symptoms are not entirely credible." (Tr. 16). He discussed *some* of the medical evidence, and the claimant's daily activities, and concluded that "the claimant's statements concerning his impairments and their impact on his ability to work are not entirely credible in light of the claimant's own description of his activities and life style, the degree of medical treatment required, discrepancies between the claimant's assertions and information contained in the documentary reports, and the findings made on examination." (Tr. 18-19).

Deference must be given to an ALJ's credibility determination unless there is an indication that the ALJ misread the medical evidence taken as a whole. *Casias,* 933 F.2d at 801. Further, an ALJ may disregard a claimant's subjective complaints of pain if unsupported by any clinical findings. *Frey v. Bowen,* 816 F.2d 508, 515 (10th Cir. 1987). But credibility findings "should be closely and affirmatively linked to substantial evidence

and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) [quotation omitted]. "[B]oilerplate language fails to inform [a court] in a meaningful, reviewable way of the specific evidence [an] ALJ considered in determining that [a] claimant's complaints were not credible." *Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir. 2004), *quoting Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001).

The ALJ's analysis of the claimant's credibility clearly fell below these standards. For example, the ALJ considered the claimant's activities, *e. g.*, driving his wife to treatment, helping with her needs, and going to church twice per week, but this does not *in and of itself* undermine the claimant's subjective complaints of pain. *See, e. g., Frey*, 816 F.2d at 516-17 ("Nor does the ALJ's citation of 'daily activities' indicate substantial evidence refuting Frey's complaint of disabling pain or its credibility. . . . [T]he claimant had performed a few household tasks, had worked on his cars, and had driven on occasional recreational trips. . . . [S]poradic performance does not establish that a person is capable of engaging in substantial gainful activity."), *citing Broadbent v. Harris*, 698 F.2d 407, 413 (10th Cir. 1983). Further, the ALJ listed several other factors he claimed to have considered with regard to the claimant's credibility, *e. g.*, the claimant's own description of his activities and life style, the degree of medical treatment required, discrepancies between the claimant's assertions and information in the documentary reports, and the findings made on examination (Tr. 18-19), but he wholly failed to identify the specific evidence that supported each of these factors. *See, e. g., Kepler*, 68 F.3d at 391 (The ALJ must "explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not

credible."). *See also Hardman*, 362 F.3d at 678 ("[T]he [credibility analysis] must contain 'specific reasons' for a credibility finding; the ALJ may not simply 'recite the factors that are described in the regulations.'"), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4.

Because the ALJ failed to follow the standards set forth in *Kepler* and *Hardman* in analyzing the claimant's credibility, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further analysis so the Court can assess "whether relevant evidence adequately supports the ALJ's conclusion." *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). On remand, if the ALJ determines that the claimant's subjective complaints result in further functional limitations, he must include those limitations in the claimant's RFC and re-determine whether he is disabled.

## Conclusion

As set forth above, the Court finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED and the case REMANDED for further proceedings consistent with this Opinion and Order.

**DATED** this 10th day of December, 2007.

_____

**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**